PENACHIO MALARA LLP
245 Main Street - Suite 450
White Plains, New York 10601
(914) 946-2889

**PRESENTMENT DATE & TIME:**
**APRIL 7, 2021 AT 12:00 NOON**

**OBJECTION DEADLINE:**
**APRIL 5, 2021 AT 11:30 AM**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------X
In re

SILVIO MOROCHO,

                     Debtor.
------------------------------------------------X

Chapter 7

Case No.: 16-36740 (CGM)

**NOTICE OF PRESENTMENT OF ORDER GRANTING THE DEBTOR'S APPLICATION TO (I) AVOID JUDICIAL LIEN OF HOMETOWN BANK OF THE HUDSON VALLEY AS IMPAIRING HIS HOMESTEAD EXEMPTION PURSUANT TO SECTION 522(f) OF THE BANKRUPTCY CODE; (II) FOR A DECLARATION THAT SUCH LIES IS NULL AND VOID; AND (III) GRANTING SUCH OTHER AND FURTHER RELIEF AS THIS COURT DEEMS APPROPRIATE**

      **PLEASE TAKE NOTICE** that the attached order (i) to avoid the judicial lien of **HOMETOWN BANK OF THE HUDSON VALLEY** as impairing the homestead exemption of **SILVIO MOROCHO**, the above-captioned debtor, pursuant to Section 522(f) of the Bankruptcy Code; (ii) for a declaration that such lien is null and void; and (iii) for such other and further relief as this Court deems appropriate will be presented to the Honorable Cecelia G. Morris, Chief United States Bankruptcy Judge, for her signature in her Chambers at 355 Main Street, Poughkeepsie, NY 12601-3315 at 12:00 PM on April 7, 2021.

**PLEASE TAKE FURTHER NOTICE**, that a copy of the application in support of the proposed order is available on the Bankruptcy Court website, www.nysb.uscourts.gov, and from the undersigned on request.

**PLEASE TAKE FURTHER NOTICE**, that the Court's policies in place as a result of COVID-19 are available from the Court's website, www.nysb.uscourts.gov. Please refer thereto and/or contact the undersigned if you have any questions.

**PLEASE TAKE FURTHER NOTICE**, that objections, if any, should be filed and served upon the undersigned with a copy delivered to the Bankruptcy Judge's Chambers, on or before 11:30 AM on April 5, 2021. In the event that no objections are interposed, the proposed order may be entered.

Dated: March 24, 2021
       White Plains, New York

                                      **PENACHIO MALARA LLP**

                                      /s/Anne Penachio
                                      Anne Penachio
                                      Counsel to the Debtor
                                      245 Main Street - Suite 450
                                      White Plains, NY 10601
                                      (914) 946-2889

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
In re

SILVIO MOROCHO,

Debtor.
----------------------------------------X

Chapter 7

Case No.: 16-36740 (CGM)

**ORDER (I) AVOIDING LIEN OF HOMETOWN BANK OF THE HUDSON VALLEY AS IMPAIRING DEBTOR'S HOMESTEAD EXEMPTION PURSUANT TO SECTION 522(F) OF THE BANKRUPTCY CODE AND DECLARING THAT SUCH LIEN IS NULL AND VOID**

Upon the motion, by notice of presentment dated March ___, 2021 (the "Motion"), filed as Dkt No. ___), of Silvio Morocho, the debtor herein (the "Debtor") by his counsel, Penachio Malara, LLP, for an order avoiding the judicial lien, described therein and herein, as impairing his homestead exemption pursuant to 11 U.S.C. § 522(f); and there being due and sufficient notice of the Motion as reflected in the Affidavit of Service filed as Dkt. No. ___; and there being no objections to the requested relief; and it appearing, after due deliberation, that the following judicial lien fully impairs the Debtor's homestead exemption in respect of the Debtor's interest in the real property located 108 Montgomery Road, Fort Montgomery, NY 10922 (the "Property"); and no additional notice of or a hearing on the Motion being required under the circumstances; and good and sufficient cause appearing, it is hereby

**ORDERED** that the Motion is granted as provided herein; and it is further

**ORDERED** that the fixing of the following judicial liens on the Property and its proceeds are declared void:

| Name | Approximate date of entry | Approximate amount |
|---|---|---|
| A.   **HOMETOWN BANK OF THE HUDSON VALLEY** | **September 19, 2016** | **$114,576.46** |

and it is further,

**ORDERED** that the holder of the foregoing judicial lien shall, promptly upon being provided with a copy of this Order, execute any and all documents necessary to strike their respective liens from the judgment rolls maintained by the County Clerk of Orange County, New York with respect to the Property and its proceeds; and it is further

**ORDERED** that the Clerk of Orange County, New York shall mark on its records that the foregoing judicial lien has been declared void by Bankruptcy Court Order with respect to the Property and its proceeds; provided, that the Debtor may file a copy of this Order with such Clerk as alternative notice thereof.

PENACHIO MALARA LLP  
245 Main Street - Suite 450  
White Plains, New York 10601  
(914) 946-2889  

**PRESENTMENT DATE & TIME:**  
**APRIL 7, 2021 AT 12:00 NOON**

**OBJECTION DEADLINE:**  
**APRIL 5, 2021 AT 11:30 AM**

UNITED STATES BANKRUPTCY COURT  
SOUTHERN DISTRICT OF NEW YORK  
----------------------------------------X  
In re  

SILVIO MOROCHO,  

                              Debtor.  
----------------------------------------X  

                                          Chapter 7  

                                          Case No.: 16-36740 (CGM)

**THE DEBTOR'S APPLICATION (I) TO AVOID JUDICIAL LIEN OF HOMETOWN BANK OF THE HUDSON VALLEY AS IMPAIRING HIS HOMESTEAD EXEMPTION PURSUANT TO SECTION 522(f) OF THE BANKRUPTCY CODE; (II) FOR A DECLARATION THAT SUCH LIEN IS NULL AND VOID; AND (III) GRANTING SUCH OTHER AND FURTHER RELIEF AS THIS COURT DEEMS APPROPRIATE**

TO:    THE HONORABLE CECELIA G. MORRIS,  
        CHIEF UNITED STATES BANKRUPTCY JUDGE

      The application of **SILVIO MOROCHO,** the above-captioned debtor (the "Debtor"), by and through his counsel, **PENACHIO MALARA, LLP,** to avoid the judicial lien of (i) **HOMETOWN BANK OF THE HUDSON VALLEY** ("Hometown Bank") as impairing his homestead exemption pursuant to Section 522(f) of the Bankruptcy Code and for a declaration declaring such lien is null and void, respectfully represents as follows:

### FACTS

1. On or about October 7, 2016, the Debtor filed a voluntary petition for relief under Chapter 7 of title 11 of the United States Bankruptcy Code, as amended (the "Bankruptcy Code") with the Clerk of the Court and the case was referred to the Bankruptcy Judge herein.

2. Mark Tulis was appointed as Chapter 7 Trustee.

3. The Debtor's primary asset is his home at 108 Montgomery Road, Fort Montgomery, NY

10922 (the "Home"). The Debtor owns the Home jointly with his non-debtor spouse. At the time of the Debtor's Chapter 7 filing, the Home was valued at $90,000.00 as per Schedule A of the Debtor's bankruptcy filing. A complete copy of his Chapter 7 Petition together with Schedules is annexed hereto as Exhibit A (Dkt. No. 1).

4. The Home was encumbered by a first mortgage held by Suntrust Bank ("Suntrust") with a principal balance in the amount of approximately $95,022.00 as reflected in the Schedules (See Exhibit A).

5. Hometown Bank was listed as a creditor by the Debtor on Schedule E (See Exhibit A).

6. The Debtor's case was closed on February 2, 2017 (See Docket Sheet annexed hereto as Exhibit B ).

7. Thereafter, on or about November 5, 2020, the Debtor and his wife entered into a contract to sell the Home. A copy of the contract is annexed hereto as Exhibit C.

8. According to the Title Report ordered by the buyers, prior to the filing of the Debtor's bankruptcy petition, the following judgment lien was entered against him (the "Lien"):

| Name of Creditor | Date of Entry of Lien | Amount | Exhibit |
|---|---|---|---|
| Hometown Bank | September 16, 2018 | $114,576.46 | D |
| Total Liens: | | $114,576.46 | |

9. The Title Company requires an order from this Court setting aside the Lien.

10. On March 23, 2021, this Court granted the Debtor's request to re-open his Chapter 7 case. (Dkt. No 16).

## RELIEF REQUESTED HEREIN

11. By this Application, the Debtor seeks an order from the Court avoiding the Lien pursuant to Section 522(f) of the Bankruptcy Code as impairing his Homestead Exemption and declaring the Lien as null and void and of no further force and effect with respect to the Home and any other property in which the Debtor may acquire an interest and to direct all judgment creditors and Lien holder set forth above to execute any and all documents necessary to strike the Lien off the public record with respect to the Debtor's property.

## JURISDICTION AND STATUTORY PREDICATES FOR RELIEF

12. This Court has jurisdiction over the Application pursuant to 28 U.S.C. 157 and 1334 and the "Standing Order Referral of Case to The Bankruptcy Judge" dated July 10, 1984 (Ward, Acting C.J.) as amended. The statutory predicates for relief sought herein are Sections 522(f) and 105 of the Bankruptcy Code, Federal Rule of Bankruptcy Procedure 4007 and the local rules for the United States Bankruptcy Court for the Southern District of New York.

## THE LIEN SHOULD BE AVOIDED

13. Section 522(f)(1)(A) and (2)(a) of the Bankruptcy Code provides, in pertinent part, as follows:

Notwithstanding any waiver of exemptions, but subject to paragraph (3), the Debtor may avoid the fixing of a lien on an interest of the Debtor in property to the extent that such lien impairs an exemption to which the Debtor would have been entitled under subsection (b) of this section, if such lien is -

(A) a judicial lien, other than a judicial lien that secures a debt . . .;

(2)(a) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of -

(I)   the lien;
(ii)  all other liens on the property; and
(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

14. The Bankruptcy Code codifies a mathematical formula set forth in Section 522(f)(2)(A) to determine the extent by which a lien can be avoided. This Court utilized such formula in the decision, *In re Jesse Brody*, 237 B.R. 5, 8 (Bankr. S.D.N.Y. 2003). Such formula applies to the instant case as follows:

| | | |
|---|---|---|
| (i) | The Lien sought to be avoided totals - | $114,576.46 |
| (ii) | The other liens on property (mortgages) total - | $95,022.00 |
| (iii) | The Debtor's homestead exemption is - | $0.00 |
| | The sum of the figures is | **$209,598.46** |

15. The Debtor's 1/2 interest in the Home (which he co-owns with his wife) was only $45,00.00. The Debtor has no equity interest in the Home above and beyond his Homestead Exemption.[1] Thus, the Lien and exemption exceed the Debtor's interest in the property by approximately **$164,599.46**, meaning the exemption is impaired by such amount. Because the impairment exceeds the value of the judicial liens, the Lien should be avoided in its entirety.

16. It is well settled that the Debtor is entitled to a "Homestead" exemption even if there is no equity in the property See *Kolich v. Antioch Laurel Vet. Hosp. (In re Kolich)*, 273 B.R. 199, 206 (B.A.P. 8th Cir. 2002).

17. It should also be noted that the Debtor is requesting that this Court direct Hometown Bank to execute any and all documents necessary to strike the Lien from his Home. This is necessary to ensure that the Debtor is afforded the full benefit of his discharge and his fresh start. If the holder of the Lien does not execute the appropriate documents, the Debtor may

---

[1] Even now, the Debtor has no equity in the Home over the Homestead Exemption.

be forced to commence a proceeding in the Supreme Court of the State of New York seeking to direct the County Clerk of Orange to expunge the Lien from the record.

### NOTICE OF APPLICATION AND WAIVER OF MEMORANDUM OF LAW

18. Notice of the Application has been provided to (i) Hometown Bank and its agent; (ii) counsel for Hometown Bank; (ii) the Chapter 7 trustee; (iv) the Office of the U.S. Trustee; (v) all creditors; and (vi) all parties who have filed a "Notice of Appearance and Request for Service of Papers."

19. Because the facts and circumstances set forth herein do not present novel issues of law, it is respectfully requested that this Court waive the requirement of the filing of a memorandum of law.

**WHEREFORE,** it is respectfully requested that this Court enter an order in the form annexed hereto: (i) avoiding the Lien as impairing the Debtor's homestead exemption; (ii) declaring the Lien as null and void and of no further force and effect with respect to the Home and any other property in which the Debtor may acquire an interest; (iii) directing Hometown Bank to execute any and all documents necessary to strike the Lien from the Debtor's Home and (iv) granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

Dated: White Plains, NY
March 24, 2021

PENACHIO MALARA, LLP

By: /S/ Anne Penachio
*Counsel for the Debtor*
Anne Penachio, Esq.
245 Main Street, Suite 450
White Plains, New York 10601
T:(914) 946-2889